***********
A District Court Judge of Buncombe County, North Carolina had caused plaintiff to be committed to Broughton Hospital for treatment. After receiving treatment from Broughton Hospital a hearing was held during which it was determined by the Judge that plaintiff had reached the stage in his treatment that he was no longer a danger to himself or others and that plaintiff should be released with him getting further treatment on an out-patient basis.
Plaintiff's treating physician at Broughton Hospital arranged with Blue Ridge Area Authority outpatient treatment for plaintiff for the period following his release. This Authority provided plaintiff with a date and address at which to report for his outpatient treatment. Before the Deputy Commissioner, plaintiff stated that he did not keep his appointment with Blue Ridge Area Authority, but instead committed several criminal acts for which he was arrested and later convicted. Plaintiff stated that the defendant was negligent in not coming and finding him and requiring him to participate in the treatment that had been arranged for him. Plaintiff contends that because defendant did not promptly come and get him when he failed to keep his appointment with Blue Ridge Area Authority that this was the cause of him committing the criminal acts for which he was later convicted. Plaintiff argues that this non-feasance constitutes negligence on the part of the state and caused plaintiff damage in that plaintiff was convicted of the crimes he committed.
Plaintiff admitted that he had not provided defendant with a list of expert witnesses that he intended to call to help establish that he had not received the mental health treatment that he was entitled to receive or that the level of care he received fell below the standard of care in the general community, and that the level of care he received was the proximate cause of his alleged injury.
Plaintiff was given until 22 January 2002 to provide defendant with a list of experts he intended to call in this matter. Plaintiff only provided a list of names that he indicated that he had written to in an effort to locate experts who were willing to testify on his behalf in this matter. Attached to this list of potential contacts was a note from a Paul Fleischer, Psy. D., indicating that he had reviewed the information forwarded to him by plaintiff and he had an opinion about plaintiff's level of care, but that he does not qualify as an expert witness in this matter.
Plaintiff has failed to comply with Rule 9(j) in that he has failed to provide defendant with a list of the expert witnesses that will be called by plaintiff in this matter on the issue of negligence on the part of defendant. Plaintiff has also failed to state a claim upon which relief can be granted. THEREFORE plaintiff's claim must be, and HEREBY IS, DISMISSED.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________________ BERNANDINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER